UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| RASHAD A. JACKSON-TATUM, | | |
| Plaintiff, | | |
| v. | | CAUSE NO.: 1:25-CV-145-TLS-JEM |
| MATTHEW CRAWFORD, BRYAN THARMAN, MARK BELL, ANTHONY KROCK, MICHAL DIAZ, LUCAS HAYES, JASON ANTHONY, NATHAN BEAGLE, BRANDON FRUITS, | | |
| Defendants. | | |

**OPINION AND ORDER**

Rashad A. Jackson-Tatum, a prisoner without a lawyer, filed a complaint. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (cleaned up). Nevertheless, under 28 U.S.C. § 1915A, the Court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

In Jackson-Tatum's complaint, he alleges he was pulled over around 4:15 in the morning on May 31, 2023, at the 2400 block of South Clinton Street in Fort Wayne, Indiana. He says that he informed the officer that there were three firearms in his vehicle and then complied when asked to step out of his vehicle. Jackson-Tatum alleges that he was lying on his stomach, handcuffed, when multiple Fort Wayne police officers arrived and all took turns beating him and then used pepper spray in his face. He alleges the officers present and participating were

Matthew Crawford, Bryan Tharman, Mark Bell, Anthony Krock, Michal Diaz, Lucas Hayes, Jason Anthony, Nathan Beagle, Brandon Fruits.

Based on just the complaint, these allegations would easily state a claim for excessive force against the nine police officers Jackson-Tatum names in his complaint. "A claim that an officer employed excessive force in arresting a person is evaluated under the Fourth Amendment's objective-reasonableness standard." *Abbott v. Sangamon County*, 705 F.3d 706, 724 (7th Cir. 2013). The question in Fourth Amendment excessive use of force cases is "whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Graham v. Connor*, 490 U.S. 386, 397 (1989). An officer's use of force is unreasonable if, "judging from the totality of circumstances at the time of the arrest, the officer used greater force than was reasonably necessary to make the arrest." *Gonzalez v. City of Elgin*, 578 F.3d 526, 539 (7th Cir. 2009) (citation omitted). "Factors relevant to the reasonableness inquiry include the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether [the suspect] is actively resisting arrest or attempting to evade arrest by flight." *Williams v. Brooks*, 809 F.3d 936, 944 (7th Cir. 2016) (cleaned up).

However, this case is complicated by the fact that Jackson-Tatum was convicted for resisting law enforcement based on that traffic stop. Jackson-Tatum pleaded guilty to a charge of unlawful carrying of a handgun as a felon and of resisting law enforcement, and he was sentenced on November 19, 2024. *State v. Jackson-Tatum*, No. 02D05-2306-F5-000182 (Allen Super. Ct. decided Nov. 19, 2024), available at mycase.in.gov. In the probable cause affidavit,[1]

---

[1] The probable cause affidavit states that this occurred on May 30, 2023, rather than May 31, 2023, as Jackson-Tatum alleges. The details of the two incidents are so similar that the Court concludes it is the same event and the date discrepancy is an error. Also, because the probable cause affidavit is available

2

the police officer who conducted the traffic stopped related that, after he pulled Jackson-Tatum over, he saw Jackson-Tatum drinking from a 375mL bottle of Hennessey Cognac. When Jackson-Tatum put the bottle of Hennessey between his legs, the officer saw a black revolver in the driver side door of the vehicle. Jackson-Tatum rolled the window down and stated, "I'm a convicted felon and everything. I'm not telling on nobody. I don't give a fuck." The officer requested assistance and directed Jackson-Tatum to place his hands on the ceiling of the vehicle.

According to the probable cause affidavit, after other officers arrived, one of them opened the driver's side car door to retrieve the gun and found a second one. The original officer entered the car from the passenger side and unbuckled Jackson-Tatum's seat belt. Jackson-Tatum then attempted to drink from the Hennessey bottle, and he was told to stop and to exit the vehicle. The officer reports that, as the officers attempted to secure Jackson-Tatum, he physically resisted and had to be directed to the ground. While on the ground, Jackson-Tatum refused to comply with commands to put his hands behind his back, holding them beneath his body to prevent the officers from securing his handcuffs.

Jackson-Tatum's conviction for resisting law enforcement means that he cannot rely on facts that would "necessarily imply the invalidity of his conviction or sentence" unless the conviction has been reversed on direct appeal, expunged, or otherwise declared invalid. *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). Jackson-Tatum was convicted of the statute that makes it unlawful when "[a] person who knowingly or intentionally . . . forcibly resists, obstructs, or interferes with a law enforcement officer or a person assisting the officer while the officer is lawfully engaged in the execution of the officer's duties[.]" Ind. Code § 35-44.1-3-1(a)(1). Nothing in this civil case can contradict the elements of that conviction. However, Jackson-

---

online to Indiana attorneys but not readily available online to the public—in the spirit of N.D. Ind. L.R. 7-1(f)—the Clerk of Court will be directed to attach a copy of that filing to this order as Exhibit A.

Tatum's allegation that he was beaten after he was handcuffed and lying on his stomach does not necessarily imply that his conviction for resisting law enforcement is invalid. *See Evans v. Poskon*, 603 F.3d 362, 364 (7th Cir. 2010); *Gilbert v. Cook*, 512 F.3d 899, 901 (7th Cir. 2008). Jackson-Tatum's allegations about complying with the police officer's commands would seem to contradict his conviction for resisting law enforcement, but a claim for excessive force here does not rely on the truth of those allegations, which occurred before he was handcuffed. As the litigation proceeds, it may turn out that relief here would imply his conviction is invalid and therefore is barred by *Heck*. But giving Jackson-Tatum the inferences to which he is entitled, he may proceed on a claim for excessive force.

Jackson-Tatum does not detail what specific actions each of the defendants took, nor would he be expected to know at this early stage of the litigation. But even if one officer who was present did not strike Jackson-Tatum, then that officer could have been able to intervene to stop the allegedly unconstitutional acts of his colleagues. "[P]olice officers who have a realistic opportunity to step forward and prevent a fellow officer from violating a plaintiff's rights through the use of excessive force but fail to do so" may be held liable. *Miller v. Smith*, 220 F.3d 491, 495 (7th Cir. 2000) (citing *Yang v. Hardin*, 37 F.3d 282, 285 (7th Cir. 1994)). Therefore, Jackson-Tatum will be allowed to proceed against all the police officer defendants for excessive force and for failure to intervene; through discovery he will have to sort out which ones participated and which ones watched.

For these reasons, the Court:

(1) DIRECTS the Clerk of Court to attach the Probable Cause Affidavit from the Allen County Superior Court to this order as Exhibit A;

(2) GRANTS Rashad A. Jackson-Tatum leave to proceed against Matthew Crawford, Bryan Tharman, Mark Bell, Anthony Krock, Michal Diaz, Lucas Hayes, Jason Anthony, Nathan Beagle, and Brandon Fruits in their individual capacities for compensatory and punitive damages for using excessive force or for failing to intervene in the use of excessive force by beating him while he was handcuffed and lying on the ground during an arrest on or around May 31, 2023, in violation of the Fourth Amendment;

(3) DISMISSES all other claims;

(4) DIRECTS the Clerk of Court, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Matthew Crawford, Bryan Tharman, Mark Bell, Anthony Krock, Michal Diaz, Lucas Hayes, Jason Anthony, Nathan Beagle, and Brandon Fruits at the Fort Wayne Police Department, with a copy of this order and the complaint (ECF 1);

(5) ORDERS the Fort Wayne Police Department to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(6) ORDERS, under 42 U.S.C. § 1997e(g)(2), Matthew Crawford, Bryan Tharman, Mark Bell, Anthony Krock, Michal Diaz, Lucas Hayes, Jason Anthony, Nathan Beagle, and Brandon Fruits to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the Plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on July 28, 2025.

s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT