**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | | |
|---|---|---|
| RASHAD A. JACKSON-TATUM, Plaintiff, | ) | |
| v. | ) | CAUSE NO.: 1:25-CV-145-JEM |
| MATTHEW CRAWFORD, *et al*., Defendants. | ) | |

**OPINION AND ORDER**

Rashad A. Jackson-Tatum, a prisoner without a lawyer, filed a second amended complaint. ECF 51. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the Court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Jackson-Tatum's second amended complaint alleges essentially the same facts as his original complaint. He was pulled over around 4:15 in the morning on May 31, 2023, at the 2400 block of South Clinton Street in Fort Wayne, Indiana. He says that he informed the officer that there were three firearms in his vehicle and then complied when asked to step out of his vehicle. Jackson-Tatum alleges that he was lying on his stomach, handcuffed, when multiple Fort Wayne police officers arrived and all took turn beating on him and then used pepper spray in his face. He alleges the officers present and participating were Matthew Crawford, Bryan Tharman, Mark Bell, Anthony Krock, Michal Diaz, Lucas Hayes, Jason Anthony, Nathan Beagle, Brandon Fruits. Based on these allegations, the Court conducted a lengthy analysis and determined that Jackson-Tatum

could proceed against each defendant for either using excessive force against him or failing to intervene in others' use of excessive force. ECF 8. Jackson-Tatum has now provided more details about how certain defendants were involved in the alleged use of excessive force or failed to intervene in that use, but those details do not change the Court's analysis or the claims that Jackson-Tatum will be allowed to proceed upon in this case. Therefore, there is no need to repeat the Court's earlier analysis or detail the additional allegations in the second amended complaint here.

For these reasons, the Court:

(1) **GRANTS** Rashad A. Jackson-Tatum leave to proceed against Matthew Crawford, Bryan Tharman, Mark Bell, Anthony Krock, Michal Diaz, Lucas Hayes, Jason Anthony, Nathan Beagle, Brandon Fruits in their individual capacities for compensatory and punitive damages for using excessive force or for failing to intervene in the use of excessive force by beating him while he was handcuffed and lying on the ground during an arrest on or around May 31, 2023, in violation of the Fourth Amendment;

(2) **DISMISSES** all other claims; and

(3) **ORDERS**, under 42 U.S.C. § 1997e(g)(2), Matthew Crawford, Bryan Tharman, Mark Bell, Anthony Krock, Michal Diaz, Lucas Hayes, Jason Anthony, Nathan Beagle, Brandon Fruits to respond, as provided for in the Federal Rules of Civil Procedure and Northern District of Indiana Local Rule 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED this 12th day of August, 2026.

s/ John E. Martin
MAGISTRATE JUDGE JOHN E. MARTIN
UNITED STATES DISTRICT COURT

cc: All counsel of record
Plaintiff, *pro se*